IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

SHERRI HARRISON, )
)
Plaintiff, )
)
v. ) Case No.
)
INTEGRIS HEALTH, INC., ) CJ-2020-2584
)
Defendant. )

THE STATE OF OKLAHOMA

To the above-named defendant:   INTEGRIS HEALTH, INC.
3366 NW Expressway, Suite 800
Oklahoma City, OK 73112

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this ___4___ day of June 2020.      RICK WARREN, Court Clerk

By_____Deputy

Deputy Court Clerk

(SEAL)

Attorneys for Plaintiff:
Jeff A. Taylor
State Bar No. 17210
5613 N. Classen Blvd.
Oklahoma City, OK 73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN - 4 2020

RICK WARREN
COURT CLERK

SHERRI HARRISON,   )
                   )
    Plaintiff,     ) Case No. CJ-20-
                   )
v.                 )
                   )
INTEGRIS HEALTH, INC., )
                   )
    Defendant     )

**PETITION**  CJ-2020-2584

Plaintiff, SHERRI HARRISON, brings this action against Defendant, INTEGRIS HEALTH, INC., and for cause of action would show the Court as follows:

**NATURE OF CLAIM**

This is a proceeding for declaratory relief, damages, including wages, overtime wages, liquidated damages, and attorney's fees and costs to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, Oklahoma's Protection of Labor Act, 40 O.S. Section 161, *et. seq.* and wrongful termination for requesting unpaid overtime or wages under the FLSA and Oklahoma public policy as established by Oklahoma's Protection of Labor Act; 15 O.S. § 57, *et seq*; 21 O.S.1981 § 1590; 23 O.S. §§ 3, 64, *et seq.*; 47 O.S. §§ 4, 561, 565, 1109, 1151 *et. seq*; and 76 O.S. §§ 2, 3 among other various Oklahoma statutes and regulations.

1

## VENUE

2.1   Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because Defendant resides within the judicial district of this Court.

## PARTIES

3.1   Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2   Defendant is a registered not for profit corporation registered to do business in Oklahoma.   Service of this Petition can be made upon its registered agent at: Chris M. Hammes, 3366 NW Expressway, Suite 800, Oklahoma City, OK  73112.

## FACTUAL BACKGROUND

4.1   Defendant hired Plaintiff approximately 2014.

4.2   Plaintiff worked different positions during her employment with Defendant.

4.3   Plaintiff had held the position of Administrative Coordinator in the Emergency Department.  Defendant classified this position as non-exempt.

4.4   Beginning on or about November 25, 2018, Plaintiff held the position of Data Base Coordinator – Nursing Quality until her termination.

4.5     In this position, Plaintiff was compensated by salary of approximately $48,000 and Defendant classified her position as exempt under the FLSA. Her salary converts to an hourly rate of approximately $23 per hour and overtime rate of approximately $34.50.

4.6     Defendant did not maintain any timekeeping for hours worked by Plaintiff in this position.

4.7     She is able to conduct her work at home with a phone, computer and internet access to the database.

4.8     In this position, Plaintiff routinely worked on average approximately 57 hours per workweek. Plaintiff usually arrived at work approximately 9 a.m. and left work approximately 8:00 p.m. She usually ate lunch at her desk while working. She further worked remotely afterhours or weekends, depending upon her workload.

4.9     In her position, Defendant never provided any additional compensation, including overtime, beyond her salary.

4.10    Plaintiff's chief duties involved receiving and administering patient grievances received by phone, email or in person. Plaintiff's position was not clinical and she does not have any expertise in evaluation of standard of care by clinical staff. Plaintiff entered a grievance into the database and transmitted to the applicable director/department for investigation and resolution. Plaintiff was not

involved in investigation or resolution; usually a write – off, apology or engagement of the legal staff and/or staff discipline.

4.11   Plaintiff monitored each grievance for a resolution decision with appropriate assistance and entries within the database system.

4.12   Plaintiff also kept minutes of meetings, entered time within the payroll system, scheduled events and travel, paid credit card expenses of staff, procured meeting rooms and assisted in data entry for nurse quality.

**Position Re-Classified Non Exempt**

4.13   On or about December 23, 2019 Terri Preston, supervisor, notified Plaintiff that after an audit, her position was re-classified as non-exempt under the FLSA.  Plaintiff was instructed to now enter all her time worked within the timekeeping mechanism.  There were not any adjustments or changes to the duties of her position.

4.14   Plaintiff asked Supervisor Preston if Defendant would be making payment for overtime compensation up to re-classification.  Supervisor Preston advised that such monies were not in the budget.

4.15   On or about December 27, Plaintiff met with Supervisor Preston again and inquired of overtime compensation up to re-classification.  Supervisor Preston agreed to set up a meeting with Mark Molitor, HR Operations Consultant, to discuss her request for overtime.

4.16   The next work day, December 30, Supervisor Preston terminated Plaintiff's employment for alleged performance deficiencies.

4.17   Plaintiff had never received any performance discipline.   October 27, 2019, approximately 60 days before her termination, Defendant had issued her annual performance evaluation of Overall "Meets Expectations" issued on with merit pay increase.

4.18   Defendant did not issue a performance improvement plan.

4.19   All prior annual evaluations through the years were overall Meets or Exceeds Expectations.

## COUNT I: Fair Labor Standards Act

5.0   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.19 of the Petition.

5.1   At all times material to this action, Defendant was an employer of the Plaintiff within the meaning of § 3(d) of the FLSA [28 USCS § 203(d)], and that the Plaintiff was an employee employed by the Defendant within the meaning of §§ 203(e) and (g) of the FLSA [29 USCS § 203(e) and (g)].

5.2   At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1)(A)(I) and (ii) of the FLSA.

5.3   At all material times since from on or about November 25, 2018 to December 30, 2019, Defendant violated §11(c) of the FLSA, 29 U.S.C. §211(c), by failing to record the hours of work of Plaintiff.

5.4    During the period of Plaintiff's employment, Plaintiff regularly worked longer than 40 hours per workweek and was not paid overtime compensation for work exceeding 40 hours per workweek at the rate of not less than one and one-half times the regular rate at which she was employed, in violation of § 7(a) of the FLSA [29 USCS § 207(a)].

5.5    By failing to compensate Plaintiff at one and one-half times her rate of compensation at all material times from on or about November 25, 2018 to December 30, 2019, Defendant has violated and continues to violate § 7 of the FLSA, 29 U.S.C. § 207, which requires that an employee be compensated at one and one-half times her regular compensation rate for those hours worked in excess of 40 hours per week.

5.6    Defendant's violations of the FLSA were/are willful within the meaning of 29 U.S.C. § 263 and 29 U.S.C. § 255.

5.7    Defendant, notwithstanding Plaintiff's demand, has failed and refused, and continues to fail and refuse, to pay the Plaintiff the amounts due to her as overtime compensation.

5.8    That as a result of Defendant's failure and refusal to pay the amounts due to Plaintiff, Plaintiff was forced to bring this action, and to engage the services of the undersigned attorneys and to incur the expenses of the litigation.

**COUNT II:   Retaliation under the FLSA**

6.1    Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 5.8 of this Petition.

6.2    By Plaintiff requesting earned overtime compensation up to reclassification of her position as nonexempt under the FLSA, Plaintiff was engaged in activity protected under Section 215(3) of the FLSA.

6.3    Plaintiff's request were a motivating factor in the discharge of her employment. Defendant willfully, knowingly and intentionally discriminated against Plaintiff in her termination.

6.4    By engaging in the aforementioned conduct, Defendant violated Section 215(3) of the FLSA, which makes it an unlawful employment practice for an employer to discriminate or discharge a person for requesting unpaid overtime compensation under the FLSA.

6.5    Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 263 and 29 U.S.C. § 255.

6.6    The undersigned attorneys have been retained by Plaintiff to pursue this remedy for such violations of the FLSA.

### COUNT III:  Wage Claim

7.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.6 of this Petition.

7.2    The failure provide to and pay to Plaintiff her earned, accrued and unpaid wages is a violation of 40 O.S. §§ 165.1, 165.2, 165.3, 165.9, *inter alia*.

7.3   The damages for such breach of contract is her earned, accrued and unpaid wages together with prejudgment interest on such sums through payment, double (or liquidated) damages equal to that principal sum for such non-payment, prejudgment interest and attorney's fees

### COUNT IV: Public Policy Violation in Termination

8.1   Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 7.3 of this Petition.

8.2   Retaliation, including termination, for Plaintiff's complaints of Defendant's failure to pay wages is prohibited by Oklahoma's clearly established public policy. Such policy is set out in *Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907, 2009 OK 97 and 40 O.S. 165.1, et seq., requiring payment of wages but providing no remedy for retaliatory termination.

8.3   Under this Count Plaintiff is entitled to her lost earnings (including back, present and future and the value of benefits associated with such earnings), and compensation for her dignitary harm damages.

8.4   Because Defendant's actions were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

**WHEREFORE, PLAINTIFF prays that this Court:**

1. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

2. Grant Plaintiff a declaratory judgment declaring the actions of Defendant complained of herein to be in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and Oklahoma law.

3. Enter a money judgment awarding Plaintiff damages in an amount equivalent to her unpaid overtime compensation and/or wages and lost back pay, said amount to be proven by Plaintiff at trial;

4. A judgment awarding Plaintiff an amount equal to the front pay, including lost bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from Defendant had her employment with Defendant not been terminated;

5. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for its violation of Oklahoma law;

6. Enter an equivalent money judgment awarding Plaintiff liquidated damages said amount also to be proven by Plaintiff at trial;

7. A judgment against Defendant awarding Plaintiff compensatory damages in an amount to be established at trial;

8. A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain,

9

suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

9.  A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

10. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

_/s/ Jeff A. Taylor_
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132

COUNSEL FOR PLAINTIFF
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED